UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SALVATORE LaMAGNA,

                              Plaintiff,

v.                                                          9:09-CV-1455
                                                            (TJM/GHL)

WARDEN BROWN, Superintendent
of Eastern Correctional Facility,

                              Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

SALVATORE LaMAGNA,05-B-0443
Plaintiff *pro se*
Eastern New York Correctional Facility
Box 338
Napanoch, New York 12458


HON. ANDREW M. CUOMO                JAMES SEAMAN, ESQ.
Attorney General for the State of New York
Counsel for Defendant
The Capitol
Albany, New York 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION[1]

        This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been

referred to me for Report and Recommendation by the Honorable Thomas J. McAvoy, Senior

United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local

_____

        [1] My thanks to Anas Saleh, a third year student at Syracuse University College of Law,
for his assistance in researching and drafting this Report-Recommendation.

Rules of Practice for this Court.  Plaintiff Salvatore LaMagna ("Plaintiff") alleges that he was attacked and sexually assaulted by inmate Jimmie Miller ("Miller").[2]  (Dkt. No. 1. at 3-5.[3])  Plaintiff alleges that the New York Department of Correctional Services ("DOCS") "ha[s] [k]nown [t]hat [ Miller]. . . h[as] be[en] known [t]o conduct several [a]ct[s ]of [t]his kind."  *Id.* at 5-6.  Superintendent Brown of Eastern Correctional Facility is the only remaining defendant in this action.

Currently pending is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 17.)  Plaintiff has not opposed the motion.  For the reasons discussed below, I recommend that Defendant's motion to dismiss be granted.

## I.     BACKGROUND

### A.     Summary of Plaintiff's Complaint

Plaintiff's complaint[4] alleges that "[Plaintiff]. . . was [a]ttack[ed] [a]nd. . . [a]ssaulted sexually by Inmate Miller."  *Id.* at 3-4.  Plaintiff, a porter on 24 Gallery West Wing Bloc, "had [j]ust finished [his] work assignments and was taking a shower like always when [Miller] entered the shower room."  *Id.* at 13.  Plaintiff alleges that Miller pulled him to the floor and declared

---

[2]  Plaintiff named Miller as a defendant, but the Court dismissed the claims against Miller *sua sponte* upon initial review of the complaint.  (Dkt. No. 6 at 5.)

[3]  In citations to the complaint (Dkt. No. 1), page numbers refer to those assigned by the Court's electronic filing system.

[4]  Plaintiff's complaint consists of a six page form and twenty four pages of attachments. (Dkt. No. 1.)  I have will considered the facts set forth in the attachments.  In deciding a motion to dismiss, a court may review documents attached to the complaint as exhibits and any documents incorporated into the complaint by reference.  *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citing *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir.1989)).

"[h]e [w]as [g]oing [t]o [h]ave [s]exual [i]ntercourse with [Plaintiff] in [t]he shower." *Id.* at 23.
Plaintiff claims Miller slammed him to the floor and tried to strip off his clothing. *Id.* at 21.
Plaintiff alleges Miller "[p]unched [Plaintiff] repeatedly in the stomach and ribs, [p]laced
[Plaintiff] in a head-lock, stuck a sharp object to [Plaintiff's] neck. . . [and] told [Plaintiff] he
wanted sexual favors." *Id.* at 13.  Plaintiff also alleges that Miller choked him. *Id.* at 25.

Plaintiff struggled with Miller as best as he could while being "continuously threatened
and struck." *Id*. at 13.  Plaintiff alleges he was "then let go and told that if [he] ever spoke a word
of this [he] would be killed. . . ." *Id*.  Plaintiff was "scared for [his] life, and believed that [Miller]
would kill [Plaintiff] like he said he would if [Plaintiff] told." *Id.*  He alleges that Miller then
"exited the shower and left the gallery." *Id.*  In an attachment to the complaint, Plaintiff alleges
that another inmate "[t]ook [c]ontrol of the [m]atter" and called a security officer who arrested
Miller. *Id.* at 23.

The complaint alleges that Plaintiff reported the incident "at that time" to a correctional
officer. *Id.* at 4.  However, in an attachment, Plaintiff also alleges he did not report this incident
to prison officials because he was afraid. *Id.* at 13.  In that account, Plaintiff claimed that
"someone else that was concerned for [Plaintiff] told." *Id.*  Plaintiff alleges that he did not know
Miller "other than [Miller] lived on the same gallery" and he had never had a problem or any
contact with Miller before this incident. *Id.* at 12.  Plaintiff claims he has "no idea why [he] was
made [a] victim, [p]ossibly because [Plaintiff] [is] an elderly white man and seemed to be easy
prey." *Id.*

On September 5, 2008, the day of the incident, Plaintiff alleges he was called down to the
hospital and spoke with a staff nurse. *Id.* at 4.  The nurse conducted a medical examination and

made a medical report.  *Id*.  In an attachment to the complaint, Plaintiff alleges he only received a basic physical and "the doctor that checked [Plaintiff] out was not trained nor specialized to determine the ex[tent] of [Plaintiff's] injuries.*"  Id*. at 12.  Plaintiff alleges he received "bruising to [his] ribs and mid-section, mental duress. . . ."  *Id*.  Plaintiff alleges he is now afraid to take showers and is "currently being ostracized by both fellow inmates as well as staff."  *Id*.

Plaintiff's complaint alleges that after he was released from the hospital, he was sent back to the housing unit.  *Id*. at 4.  Plaintiff alleges he was placed in "protective custody for several days until [Miller] was locked up for ass[a]ult."  *Id*. at 13.  Plaintiff alleges that Miller was sent "up State in the box" after the incident.  *Id*. at 15.  The complaint alleges that Ms. Rios from the Attorney General's Office investigated the matter.  *Id*. at 3.

As noted above, Warden Brown, the Superintendent of Eastern Correctional Facility, is the only remaining defendant in this action.  He is listed as a defendant in the complaint's caption and parties section.  (Dkt. No. 1 at 1, 3.)  However, Plaintiff does not mention Defendant Brown further in the complaint or attachments.  *See id.* at 1-30.  Plaintiff does not include any allegations concerning Defendant Brown's involvement in the incident.  While Plaintiff does allege that DOCS "ha[s] [k]nown [t]hat [ Miller]. . . h[as] be[en] known [t]o conduct several [a]ct[s ]of [t]his kind," Plaintiff does not allege that Defendant Brown had any such knowledge.  *Id.* at 5-6.

## II.   LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint on the ground that the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  In order to state a claim upon which relief can be granted, a complaint

must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "[D]etermining whether a complaint states a plausible claim for relief. . . requir[es] the . . . court to draw on its judicial experience and common sense . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, at 1949.

## III.   ANALYSIS

### A.  Eighth Amendment Failure to Protect Claim

Plaintiff alleges that Defendant Brown violated his Eighth Amendment rights by failing to protect him from inmate Miller's attack. Defendant Brown argues that Plaintiff's allegations fail

to state an Eighth Amendment failure to protect claim against him.  (Dkt. No. 17-1 at 3-5.)
Defendant is correct.

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from
violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation
and punctuation omitted).  However, not every injury suffered by one inmate at the hands of
another imposes constitutional liability.  *Id.* at 834.  A prison official's failure to protect an inmate
from such violence violates the Eighth Amendment where (1) objectively the inmate was
"incarcerated under conditions posing a substantial risk of serious harm"; and (2) subjectively the
prison official acted with "deliberate indifference" to the inmate's safety.  *Id.*;  *Matthews v.
Armitage*, 36 F. Supp. 2d 121, 125 (N.D.N.Y 1999).  A prison official demonstrates deliberate
indifference where he "knows of and disregards an excessive risk to inmate health or safety; the
official must both be aware of facts from which the inference could be drawn that a substantial
risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.

Plaintiff fails to allege sufficient facts to plausibly suggest that Defendant Brown was
deliberately indifferent to a substantial risk of serious harm to Plaintiff.  Defendant Brown is
mentioned only in the complaint's caption and parties section.  (Dkt. No. 1 at 1, 3.)  Plaintiff's
complaint sets forth no facts at all about Defendant Brown.  Nor can Defend Brown be held liable
simply because Plaintiff was attacked at the facility of which Brown is the Superintendent.

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a
prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.
1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  In order to
prevail on a cause of action under 42 U.S.C. § 1983 against an individual, a plaintiff must show

some tangible connection between the unlawful conduct and the defendant.  *Bass v. Jackson*, 790

F.2d 260, 263 (2d Cir. 1986).  If the defendant is a supervisory official, a mere "linkage" to the

unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat

superior ) is insufficient to show his or her personal involvement in that unlawful conduct.

*Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v.*

*Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).  Thus, supervisory officials may not be held liable

merely because they held a position of authority.  *Wright*, 21 F.3d at 501; *Black v. Coughlin*, 76

F.3d 72, 74 (2d Cir. 1996).  However, supervisory personnel may be considered "personally

involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional
> violation;
> (2) the defendant, after being informed of the violation through a
> report or appeal, failed to remedy the wrong;
> (3) the defendant created a policy or custom under which
> unconstitutional practices occurred, or allowed the continuance of
> such a policy or custom;
> (4) the defendant was grossly negligent in supervising subordinates
> who committed the wrongful acts; or
> (5) the defendant exhibited deliberate indifference to the rights of
> inmates by failing to act on information indicating that
> unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-

24 (2d Cir. 1986)).[5]  Plaintiff fails to allege facts that plausibly suggest Defendant Brown was personally involved.  Therefore, I recommend that this claim be dismissed.

However, Plaintiff may be able to state a claim after amending his complaint to plead facts concerning Defendant Brown's involvement in the incident.  Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).  Therefore, I recommend that Plaintiff be granted leave to amend.

### B.   Eighth Amendment Medical Care Claim

Construed liberally, the complaint could be read to allege an Eighth Amendment medical care claim because Plaintiff alleges he only received a basic physical and "the doctor that checked [Plaintiff] out was not trained nor specialized to determine the ex[tent] of [Plaintiff's] injuries." (Dkt. No. 1 at 12.)  Defendant Brown has not addressed this issue.  I recommend that the Court *sua sponte* dismiss this claim with leave to amend.

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual" punishments.  The word "punishment" refers not only to deprivations imposed as a sanction for criminal wrongdoing, but also to deprivations suffered during imprisonment.  *Estelle v. Gamble*,

---

[5]      In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), the Supreme Court ruled that where the underlying constitutional claim is a claim of intentional discrimination, a supervisory official's liability must be judged by the official's purpose rather than the official's knowledge of subordinates' actions or policies.  The Second Circuit has not yet issued a decision discussing *Iqbal*'s effect on the *Colon* categories.  Several district courts in the Second Circuit have determined that *Iqbal* nullified some of the *Colon* categories.  *See Sash v. United States*, 674 F. Supp. 2d 531, 543-44 (S.D.N.Y. 2009) (collecting cases).  I will assume for the purposes of this motion that the *Colon* categories still apply.

429 U.S. 97, 102-03 (1976).  Punishment is "cruel and unusual" if it involves the unnecessary and wanton infliction of pain or if it is incompatible with "the evolving standards of decency that mark the progress of a maturing society."  *Estelle*, 429 U.S. at 102.  Thus, the Eighth Amendment imposes on jail officials the duty to "provide humane conditions of confinement" for prisoners.  *Farmer*, 511 U.S. at 832.  In fulfilling this duty, prison officials must ensure, among other things, that inmates receive adequate medical care.  *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

There are two elements to a prisoner's claim that prison officials violated his Eighth Amendment right to receive medical care: "[t]he plaintiff must show that she or he had a serious medical condition and that it was met with deliberate indifference."  *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (citation and punctuation omitted).  "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind."  *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003).

Plaintiff does not allege sufficient facts to plausibly state an Eighth Amendment medical care claim against Defendant Brown.  Plaintiff alleges, in an attachment, that he only received a basic physical and "the doctor that checked [Plaintiff] out was not trained nor specialized to determine the ex[tent] of [Plaintiff's] injuries."  (Dkt. No. 1 at 12.)  However, Plaintiff does not name the doctor as a defendant.  Moreover, Plaintiff's complaint fails to make any allegations concerning Defendant Brown.  Additionally, there is nothing in the complaint or attachments to suggest Defendant Brown's personal involvement in the incident.  Therefore, I recommend that this claim be dismissed *sua sponte* with leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant's motion to dismiss for failure to state a claim (Dkt. No. 17) be **GRANTED** with leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: November 19, 2010
        Syracuse, New York

George H. Lowe
United States Magistrate Judge